# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DADRAIN BANKS                                                                                    PLAINTIFF

v.                                              4:19cv00352-JM-JJV

TURN KEY MEDICAL                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

Dadrain Banks ("Plaintiff"), incarcerated at the Pulaski County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He did not pay the $400 filing fee or submit an Application to Proceed Without Prepayment of Fees and Affidavit. On May 17, 2019, I directed Plaintiff to submit either (1) the statutory filing fee of $400; or (2) a properly completed Application to Proceed Without Prepayment of Fees and Affidavit within thirty (30) days of the entry date of this Order. (Doc. No. 2.) I advised Plaintiff that his failure to do one or the other would result in the dismissal of his case without prejudice. (*Id*.) Plaintiff has not paid the filing fee or asked to proceed *in forma pauperis*, and the time in which he was given to do so has passed.

Moreover, on May 17, 2019, I also explained to Plaintiff that his claims as currently pled are defective. (*Id*.) He sued Turn Key Medical but made no allegations in his Complaint; he only attached a sick call request form and medical inmate request form in which he alleges he is not getting his blood pressure medicine, without identifying who failed to give it to him. (Doc. No. 1.) I explained to Plaintiff that if he intended to sue employees of Turn Key Medical, he must name them and explain what each Defendant did to violate his rights. (Doc. No. 2.) I further

2

explained that to establish liability on an official-capacity claim, he must identify a policy or custom that inflicted an actionable injury, which he failed to do in his Complaint. (*Id*.) I also made clear that vicarious liability is inapplicable to a § 1983 action. (*Id*.) Plaintiff was directed to file an Amended Complaint within thirty (30) days of the date of my Order, if he so wished, to cure these deficiencies. More than thirty (30) days have passed, and Plaintiff has not filed an Amended Complaint. He did file another sick call request form and several grievances (Doc. Nos. 3, 4), but these do not cure the problems that I pointed out to Plaintiff. Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to state a claim.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 21st day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."